PALMER *v.* CITY OF BROOKLYN.

(*City Court of Brooklyn, General Term.* December 23, 1889.)

LANDLORD AND TENANT—COVENANTS—ACTIONS BY EXECUTORS.

Where the owner of demised premises dies during the term, her executor cannot recover for breach of a covenant by the lessee to surrender the premises at the expiration of the term in good condition, as such breach occurs at the expiration of the term, and the owner of the land at that time, only, can recover therefor.

Appeal from trial term.

Argued before VAN WYCK and OSBORNE, JJ.

*Almet F. Jenks,* for appellant. *Justus Palmer, pro se.*

VAN WYCK, J. This action was brought to recover damages for a breach of a covenant to surrender at the expiration of the term, in the same condition as when possession was first given, the premises demised in the lease of Christine L. Palmer to the defendant, dated April 23, 1886, for the term of one year from May 1, 1886. This cause was tried by the court without a jury. Judgment was rendered in favor of the executor of Christine L. Palmer for $500 damages and $127.92 costs, amounting to $627.92. From this judgment the defendant appeals. Christine L. Palmer died September 11, 1886, having duly devised her estate in these premises to Justus Palmer, her husband; but before her death she made a deed of the premises to Ethan B. Palmer, and deposited it in escrow with Justus Palmer, to be delivered to the grantee, Ethan B. Palmer, after the expiration of the term of the lease to the defendant. The premises were used by defendant as a police station house, and a short time before April 30, 1887, the last day of the term for which the premises were leased, the police captain in charge of that precinct informed

Justus Palmer that the city wanted the premises for several months longer, as the new station-house, in course of construction, was not then quite completed. To this proposition Justus Palmer testifies he gave his assent; and the city continued in possession of the premises during the months of May and June, 1887, and paid rent therefor to the owner. On May 5, 1887, Justus Palmer delivered the deed of his dead wife, which he held in escrow, to the grantee, Ethan B. Palmer, who, on the same day, deeded the premises to August Richter; and he, on the same day, deeded the premises to John Tenant. The city paid rent for May and June, 1887, to John Tenant, who accepted a surrender of the premises on July 1, 1887, from the city, and does not claim any damages for a breach of the covenant to surrender them in the same condition as they were when the city first took possession. There is no finding of facts as to what it would cost to restore the premises to the condition they were in when the city took possession thereof. Thus it would seem that the conclusion of law found by the court, that the executor of Christine L. Palmer was entitled to judgment for $500, to which defendant excepted, was not sustained by the facts found by the court. But whether or not this apparent oversight of counsel in preparing the findings is fatal to the validity of the judgment it will not be necessary for us to decide, and therefore we will not rest our decision thereupon. The breach of covenant to restore the condition of premises occurred on May 1, 1887, or on July 1, 1887, if the term was extended to that time by virtue of the proposition of the police captain made to Justus Palmer some time before the 1st of May, to which Justus Palmer testifies he assented, and of which the defendant certainly took advantage by remaining in possession thereof and paying rent therefor. On May 1, 1887, Justus Palmer was the owner of premises and the landlord of defendant. On July 1, 1887, John Tenant was such owner and landlord. Eight months before May 1, 1887, all interest of Christine L. Palmer in these premises, by her death and will, vested in Justus Palmer, and he became thereby the landlord of the city, and subrogated to all her rights under the covenants in this lease to the city. Her executor, under such circumstances, has no more claim to the damages caused by the alleged breach of this covenant to restore condition of premises on May 1, 1887, than she would have had if she was living, and had, eight months before the alleged breach, conveyed the premises absolutely to some other person. If the term was extended to July 1, 1887, by Justus Palmer, then no breach could have occurred till that time; and, in such event, John Tenant, the owner and landlord of the city, only, could assert a claim for damages for such breach of this covenant. Of course, if the breach had occurred before the death of Christine L. Palmer, and while she was the owner of the premises, and she had died thereafter, then her executor could recover therefor. Judgment in favor of the executor of Christine L. Palmer, for the foregoing reasons, cannot be upheld, and must therefore be reversed, and new trial ordered, with costs to appellant, to abide the event.

OSBORNE, J., concurs.